IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IFC CREDIT CORPORATION, assignee of NorVergence, Inc., | ) ) ) |
| Plaintiff, | ) ) No. 04 C 5906 |
| v. | ) ) Judge Ronald A. Guzmán ) |
| BURTON INDUSTRIES, INC. and CLARK JOHNSON, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

IFC Credit Corporation, Inc. ("IFC") has sued Burton Industries, Inc. and Clark Johnson for breach of an equipment lease and a guaranty. Before the Court is defendants' motion, pursuant to 28 U.S.C. § ("section") 1404(a), to transfer venue to the Eastern District of Michigan. For the reasons set forth below, the motion is denied.

### Facts

Burton is a Michigan corporation with its principal place of business in Goodrich, Michigan. (Compl. ¶ 2.) Johnson lives in Goodrich, Michigan. (*Id.* ¶ 3.) IFC is an Illinois corporation with its principal place of business in Morton Grove, Illinois. (*Id.* ¶ 1.)

On February 5, 2004, Burton entered into a lease agreement for telecommunications equipment with NorVergence. (*Id.* ¶ 6a.)[1] Johnson personally guaranteed Burton's performance under the lease. (*Id.* ¶ 20.)

---

[1] There are two paragraphs labeled "6" in the complaint. We refer to the first paragraph 6 as paragraph 6a and the second as paragraph 6b.

1

The lease agreement contains a forum-selection and choice-of-law provision that the Court has held is valid. *See IFC Credit Corp. v. Burton Indus., Inc.*, No. 04 C 5906, 2005 WL 1243404, at *3 (N.D. Ill. May 12, 2005). It states:

> The agreement shall be governed by, construed and enforced in accordance with the laws of the State in which Rentor's principal offices are located or, if this Lease is assigned by Rentor, the State in which the assignee's principal offices are located, without regard to such State's choice of law considerations and all legal actions relating to this Lease shall be venued exclusively in a state or federal court located within that State, such court to be chosen by Rentor or Rentor's assignee's sole option.

(Compl., Ex. 1, Equipment Rental Agreement.) Similarly, the guaranty states: "The same state law as the rental will govern this guaranty. You agree to jurisdiction and venue as stated in the paragraph titled applicable law of the rental." (*Id.*)

On May 14, 2004, Burton executed a Delivery and Acceptance Certification (the "D&A") in which it certified that it had received, inspected and accepted the leased equipment and that it had read and understood all of the terms of the lease agreement. (*Id.*, Ex. 2, D&A.)

Following execution of the lease agreement and the D&A, NorVergence assigned its entire interest in the lease agreement and the equipment to IFC. (Compl. ¶ 9.)

Burton and Johnson have defaulted under the terms of the lease agreement and guaranty by failing to make rental payments due under the agreement. (*Id.* ¶¶ 13, 21.) IFC has brought this suit to recover the past due payments and all payments to come due during the term of the lease, as well as late fees, interest and attorney's fees. (*Id.* ¶¶ 15, 22-23.) Defendants now seek to have the case transferred to their home state, Michigan.

## Discussion

A court may "[f]or the convenience of the parties and witnesses, and in the interest of justice . . . transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A forum-selection clause is a significant factor in a court's assessment of a motion to transfer. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). By signing a valid forum-selection clause, the movant waives his right to seek a transfer on the grounds of his own inconvenience. *Nw. Nat. Ins. Co. v. Donovan*, 916 F.2d 372, 378 (7th Cir. 1990). Thus, defendants cannot argue that the case should be transferred to Michigan because it is inconvenient for them to litigate it here.

But they may argue for transfer on the grounds that this forum is inconvenient for third parties or because a transfer would serve the interests of justice. *Id.* Their motion will be granted, however, only if they "establish[] by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986).

The Court must balance a number of case-specific factors in deciding whether to transfer under section 1404(a). *Stewart*, 487 U.S. at 29. Transfer is appropriate when the moving party demonstrates that: "(1) venue is proper in the transferor district, (2) venue and jurisdiction would be proper in the transferee district, and (3) the transfer will serve the convenience of the parties and the witnesses as well as the interests of justice." 28 U.S.C. § 1404(a); *see Chicago R.I. & P.R., Co. v. Igoe*, 212 F.2d 378, 379 n.1 (7th Cir.1954) (noting that section 1404(a) "presupposes two jurisdictions in which venue may be laid").

The Court has previously determined that venue is proper in this district. *See Burton*, 2005 WL 1243404, at *3. The parties do not dispute that jurisdiction and venue would be proper in the

transferee district. Therefore, the Court turns to the third factor, whether the convenience of the witnesses and the interests of justice weigh in favor of transfer.

In assessing this factor, the Court must consider both the private interests of the parties and the public interest of the courts. *Stewart*, 487 U.S. at 30. The factors relevant to the private interests are: "(1) the plaintiff's choice of forum, (2) the situs of the material events, (3) the relative ease of access to sources of proof, (4) the convenience of the parties, and (5) the convenience of the witnesses." *See, e.g., Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000). The factors relevant to the public interests are: (1) the community's relationship to the case, (2) the desirability of resolving disputes where they arise, (3) the court's familiarity with the applicable law, and (4) the congestion in the two courts' dockets. *Id.* at 961-62.

### Plaintiff's Choice of Forum & Situs of Material Events

Plaintiff's forum choice is generally given substantial weight. *Heller Fin., Inc. v. Riverdale Auto Parts, Inc.*, 713 F. Supp. 1125, 1129 (N.D. Ill. 1989). If, however, plaintiff's chosen forum lacks any significant connection with the case, that choice is given less deference. *Id.*

Such is the case here. Plaintiff's forum choice is Illinois, but all of the events relevant to this suit occurred in Michigan. The communications and negotiations leading to the agreement, the signing of the agreement, the delivery of the equipment, and Burton's obligations under the agreement all took place or were to take place within the State of Michigan. (Mot. Transfer, Ex. 1, Johnson Aff. ¶¶ 10-13.) Because the situs of material events is Michigan, plaintiff's forum choice receives less deference. Taken together, the two factors favor transfer, but not heavily.

4

**Relative Ease of Access to Proof**

Defendants contend that the leased equipment and "the remainder of [their] physical evidence" related to this case are in Michigan. (Mot. Transfer at 4.) There are two problems with this argument. First, defendants do not explain why access to the leased equipment is necessary to resolve this dispute. Moreover, even if such access is necessary, they have offered no evidence that suggests the equipment cannot be shipped to Illinois. Second, defendants do not identify, let alone explain the relevance of, the other "physical" evidence. Because defendants have made no showing that there is necessary evidence in Michigan that cannot feasibly be moved here, the access to proof factor weighs against transfer.

**Convenience of the Witnesses**

Defendants contend that the only witnesses to the negotiation, execution and performance of the lease agreement reside in Michigan. But they do not identify those witnesses or say what their testimony may be. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989) (stating that movant must clearly identify the key witnesses to be called and make a generalized statement of their testimony). Presumably, Johnson is among them. But, because he agreed to the forum selection provision in the guaranty, his convenience is immaterial. Also immaterial is the convenience of any other Burton employees, as Burton, undoubtedly, will make them available wherever the case is tried. *See Household Fin. Servs., Inc. v. N. Trade Mortgage Corp.*, No. 99 C 2840, 1999 WL 782072, at *6 (N.D. Ill. Sept. 27, 1999) (stating that there is "a strong presumption" that a party will make its employees available in any forum). In short, defendant has not identified any third-party witnesses that would be inconvenienced by litigating the case here. Therefore, the convenience of the witnesses factor does not favor of transfer.

5

### Relationship of the Community to the Occurrence

Defendants assert that Michigan has a greater interest in this case than Illinois because defendants are Michigan residents and all material events occurred there. (Mot. Transfer at 8.) While that is true, "Illinois has a strong interest in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state-actors." *Tranzact Techs., Inc. v. 1Source Worldsite*, No. 01 C 2002, 2002 WL 122515, at *6 (N.D. Ill. Jan. 30, 2002). Thus, as IFC's home state, Illinois has more than a nominal connection to this case. On the whole, this factor weighs slightly in favor of transfer.

### Court's Familiarity with Applicable Law

By virtue of the lease agreement's choice-of-law provision, Illinois law applies to this dispute. Though contact law is not very complex, this Court is likely to be more familiar with Illinois contract law than a court in the Eastern District of Michigan. Therefore, this factor does not favor transfer.

### Congestion of the Transferor and Transferee Court Dockets

To assess this factor, we turn to the Federal Court Management Statistics. For the twelve-month period ending September 30, 2005, the median time from filing to disposition in this District was 6.9 months and 9.9 months in the Eastern District of Michigan. *See* Admin. Office of the U.S. Courts, FEDERAL COURT MANAGEMENT STATISTICS (2005) available at http://www.uscourts.gov/cgi-bin/cmsd2005.pl. The median time from filing to trial was 27.0 months in this District and 22.0 months in the Eastern District of Michigan. *Id.* In other words, the case will progress at roughly the same pace in either court. *See Morris v. Am. Bioscience, Inc.*, No. 03 C 7525, 2004 WL 2496496, at *4 (N.D. Ill. Nov. 3, 2004) (stating that transfer would not

6

impact speed of proceedings when there was a two-month difference in time from filing to disposition favoring the transferor court and a five-month difference in time from filing to trial favoring the transferee district). Thus, this factor is neutral.[2]

In sum, defendants have not met their burden of showing that the private and public interests clearly favor transferring this case to the Eastern District of Michigan. Though Michigan is the situs of material events and it has a significant interest in the resolution of this dispute, all of the other factors either weigh against transfer or are neutral. Because defendants have not established that litigating this case in Michigan would clearly be more convenient for third-party witnesses and serve the interests of justice, their motion is denied.

## Conclusion

For the foregoing reasons, defendants' motion to transfer [doc. no. 34] is denied.

**SO ORDERED.**   **ENTERED:**

MAY - 5 2006

HON. RONALD A. GUZMAN
United States District Judge

---

[2]Defendants also say the Court should grant the motion because other judges have granted transfer motions in similar cases. *See IFC Credit Corp. v. Kay Auto. Distrib., Inc.*, No. 04 C 5907, slip op. at 3 (N.D. Ill. June 13, 2005), *IFC Credit Corp. v. Century Realty Funds, Inc.*, No. 04 C 5908, slip op. at 8 (N.D. Ill. Mar. 4, 2005), *IFC Credit Corp. v. Eastcom, Inc.*, No. 04 C 6503, 2005 WL 43159, at *1 (N.D. Ill. Jan. 6, 2005) (granting motions to transfer). A decision on a motion to transfer, however, must be based on the evidence each movant submits on the statutory factors. The fact that movants in other cases carried their evidentiary burden does not change the fact that these movants have failed to carry theirs.